IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESSICA LOSEKE<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MENARD, INC.<br><br>　　　　　Defendant. | CASE ID: 8:23-CV-537<br><br>**STIPULATED PROTECTIVE ORDER** |

It being represented to the Court that the Plaintiff, Jessica Loseke, has requested documents from the Defendant Menard, Inc., which involve trade secrets, confidential research, proprietary materials and development and/or commercial information belonging to Defendant; and

It being represented to the Court that Defendant is willing to provide these documents for inspection and review only under a Protective Order upon the hereinafter stated terms and conditions; and

It being represented to the Court that all of the parties are in agreement as to the terms of the said Protective Order; therefore,

It is hereby ORDERED that:

　　　　1.　　Defendant will disclose documents that it designates "Confidential " to the parties to this suit and their attorneys, only pursuant to this Order and under the conditions that follow.

　　　　2.　　Any and all of the aforesaid materials disclosed by Defendant and the contents thereof shall be maintained in confidence by counsel for the Plaintiff and counsel for the Defendant in the above-captioned litigation.  The aforesaid materials shall not be

reproduced by any means without the prior consent of counsel for Defendant or until further order of this Court.

3. Any and all of the aforesaid materials disclosed by Defendant and the contents thereof shall be used only in connection with the above-captioned matter and shall not be used for any other purpose whatsoever.

4. No person who examines any document produced pursuant to this order shall disseminate orally, in writing, or by any other means, the document(s) or the information contained therein, to any person not also authorized to examine documents under the terms of this order.

5. Counsel for Plaintiff and counsel for Defendant may permit an expert or experts hired by the Plaintiff or Defendant in the above-captioned litigation to review the documents subject to this Protective Order, but counsel for the Plaintiff and counsel for the Defendant must first obtain from said experts a written statement confirming the expert's agreement to comply with every element of this Protective Order. Said experts shall agree that the documents and the contents thereof shall not be disclosed to any other person or entity and said documents shall not be reproduced by any means. Any documents provided to experts must be returned to Defendant within thirty days of the conclusion of the above-captioned litigation pursuant to the terms of paragraph 8 below.

6. Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of any party to challenge the propriety of discovery on any grounds including, but not limited to, relevance, privilege and materiality.

7. Notwithstanding the foregoing provisions, this Order shall not restrict in any manner the right of any party to offer or use as evidence at the trial of this action any of

the documents subject to this Protective Order and nothing contained herein shall be construed as a waiver of any objection which might be raised as to the admissibility of any evidentiary material.

8. At the conclusion of this lawsuit by settlement, a jury verdict, non-suit, dismissal, by judgment order or otherwise, all Defendant's materials, including any and all copies, or renditions made from the materials, shall be returned to Defendant within thirty (30) days.

IT IS SO ORDERED.

DATED this 26th day of April, 2024.

BY THE COURT:

_____
Michael D. Nelson
United States Magistrate Judge

3209807v1