IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESSICA LOSEKE,<br><br>Plaintiff,<br><br>vs.<br><br>MENARD, INC., a Wisconsin Corporation;<br><br>Defendant. | 8:23CV537<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Plaintiff's motion in limine, Filing No. 59, and on Defendant's motion in limine, Filing No. 63. Plaintiff, Jessica Loseke, moves this Court for an order in limine precluding the testimony and opinions of Defendant's expert witness, Alex J. Balian, from being admitted at trial based on Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). Defendant, Menard, Inc., a Wisconsin Corporation ("Menards"), pursuant to Local Civil Rule 7.1, Fed. R. Evid. 702, and *Daubert v. Merrell Dow* and its progeny moves this Court for an order in limine, excluding all testimony by Plaintiff's expert William N. Nelson, BSME, MS, MBA, and any other evidence of and/or reference to Mr. Nelson's opinions.

**FACTS**

Plaintiff and her husband were shopping at Menards in Omaha, Nebraska. They were loading a "refurbished cart" with bags of water softener when the cart broke and injured Ms. Loseke's knee. She was required to have surgery and will need additional surgery(ies) in the future.

1

**LAW**

Under the Federal Rules of Evidence, expert testimony is admissible only if it is both relevant and reliable. The proponent of the expert testimony must demonstrate that the expert's opinion is based on sufficient facts or data, is the product of reliable principles and methods, and that the expert has reliably applied the principles and methods to the facts of the case. *See* Fed. R. Evid. 702.

Under Federal Rule of Evidence 702, a witness "qualified as an expert by knowledge, skill, experience, training, or education" may give opinion testimony if the party offering their testimony demonstrates by a preponderance of the evidence that their "specialized knowledge will help the trier of fact" and their opinions are "based on sufficient facts or data," are "the product of reliable principles and methods," and "reflect [ ] a reliable application of the principles and methods to the facts of the case."

Whether expert testimony is admissible depends on whether (1) the expert testimony will be "useful to the finder of fact in deciding the ultimate issue of fact," (2) the witness is "qualified to assist the finder of fact," and (3) the proposed testimony is "reliable or trustworthy in an evidentiary sense." *Acad. Bank, N.A. v. AmGuard Ins. Co.*, 116 F.4th 768, 790 (8th Cir. 2024) (citing *Johnson v. Mead Johnson & Co., LLC*, 754 F.3d 557, 561 (8th Cir. 2014)).

The expert testimony must assist the trier of fact to understand the evidence or to determine a fact in issue. Testimony that is speculative or not based on sufficient facts should be excluded. The Court should apply the legal standard from Daubert to determine the admissibility of expert testimony under Fed. R. Evid. 702. *See Moe v. Grinnell Coll.*, 547 F. Supp. 3d 841, 845 (S.D. Iowa 2021) (citing *Kumho Tire Co. v. Carmichael*, 526

U.S. 137, 149 (1999) and parenthetically stating that Kumho held "*Daubert* analysis applies to expert testimony based on 'technical' or 'specialized knowledge'").

"To satisfy the reliability requirement, the party offering the expert testimony 'must show by a preponderance of the evidence both that the expert is qualified to render the opinion and that the methodology underlying his conclusions is scientifically valid.'" *Khoury v. Philips Med. Sys.*, 614 F.3d 888, 892 (8th Cir. 2010) (quoting *Barrett v. Rhodia, Inc.*, 606 F.3d 975, 980 (8th Cir. 2010)) (cleaned up) (emphasis added). This requires proof "the expert's theory or technique can be (or has been) tested, that the theory or technique has been subject to peer review and publication, that there is a known or potential rate of error, and that the theory or technique is generally accepted in the scientific community." *Sprafka v. Med. Device Bus. Servs., Inc.*, 139 F.4th 656, 660 (8th Cir. 2025) (citing *Daubert*, 509 U.S. at 593–94.

To be admissible, expert testimony must also be relevant. *Weisgram v. Marley Co.*, 169 F.3d 514, 517 (8th Cir. 1999) (emphasis added). Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. For expert testimony to be relevant under *Daubert*, it must be sufficiently tied to the facts and evidence in the case and assist the trier of fact. *Daubert*, 509 U.S. at 591. In other words, expert testimony must be relevant, helpful, and "fit" the case. *Id.* "[S]cientific validity for one purpose is not necessarily scientific validity for other, unrelated purposes." *Id.* Expert testimony is not helpful if it invades the province of the judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts. *Robertson v. Norton Co.*, 148 F.3d 905 (8th Cir. 1998) ("courts must guard against invading the province

of the jury on a question which the jury was entirely capable of answering without the benefit of . . . expert opinion.") (quotation omitted).

**DISCUSSION**

    A. <u>Opinions of Mr. Alex Balian</u>

Plaintiff argues that Mr. Balian's proffered testimony is not reliable. Plaintiff states that "Mr. Balian's opinions are primarily based on his personal experience in the retail industry, rather than on any scientific or technical methodology. His report lacks any empirical data or testing to support his conclusions regarding the safety of Menards' shopping cart inspection procedures." Filing No. 60 at 2. Further, Plaintiff states that "[h]is conclusions are speculative and not grounded in any recognized standards or practices within the retail industry." *Id.* at 3. Plaintiff also argues that the testimony will not assist the trier of fact and fails to address critical issues regarding the shopping cart at the time of the accident. This, contends Plaintiff, will cause undue prejudice and confusion.

Defendant contends that "[h]e has worked as an owner and operated a chain of supermarkets, where he was responsible for developing policies and safety procedures, overseeing internal operations, and risk management. Most recently, he has served as a consultant for retail store operations, where he has advised, trained, and executed policies and procedures in supermarkets and other public facilities . . . ." Filing No. 71 at 2.

    B. <u>Opinions of Mr. William Nelson</u>

Defendant argues that Mr. Nelson's opinions are unreliable, not grounded in any particular expertise or specialized knowledge, and not the product of any reliable

methodology.  Mr. Nelson's opinions, it is urged, are also irrelevant and will not assist the trier of fact in deciding any disputed issues.  Accordingly, Mr. Nelson's opinions are inadmissible.

Defendant argues that "Nelson's opinions are unreliable.  He believes that Menards should have some sort of "preventative maintenance" program, and that Menards should hire employees who are trained in welding to inspect carts. These opinions are not based on any retail-industry specific standards but rather drawn based on his own belief." Filing No. 64 at 1.

Defendant contends that Plaintiff's expert is trying to create a new industry standard in shopping cart maintenance.  Defendant argues that "[h]is methodology was to review various sources which include a Department of Energy manual regarding best practices for entities in the energy sector as well as a manual published by the U.S. Army in 1972 regarding its equipment to opine that these materials somehow have bearing on a shopping cart breaking." *Id.* at 2.  Last, Defendant contends that "Nelson's opinions as to a new preventive maintenance program invade the province of the Court and jury." *Id.* at 1–2.

Defendant is also arguing that Nelson's opinion that there should have been maintenance regarding welding the carts are not admissible, as Nelson is not an expert on this particular issue.  Nelson contends that the staff should have been instructed and trained on this issue, so they would know to look for such breakages.  Defendant argues there is no such standard of care in the industry, and thus, Nelson is trying to create a new standard and trying to interfere with the duty of the Court and jury to decide these issues.

Plaintiff disagrees with the arguments made by Defendant. Mr. Nelson's expert opinions, contends Plaintiff, must be admissible, and any "gaps" go to weight, not admissibility. *Robinson v. GEICO Gen. Ins. Co.*, 447 F.3d 1096, 1100 (8th Cir. 2006). Plaintiff further states that "Mr. Nelson's opinions are reliable because he bases them on reliable scientific principles of engineering. Mr. Nelson's methodology is based on universal safety principles applicable across industries, which are scientifically valid and have been accepted in various contexts." Filing No. 69 at 2.

**ANALYSIS**

The Court has carefully reviewed the argument of the parties as well as the briefs, the evidence presented, and in particular, the opinions of both Mr. Nelson and Mr. Balian. *See* Filing Nos. 60, 64 (including attachments 1–4), 65, 67, 69, 70, 71, and 73. "[T]he factual basis of an expert opinion [generally] goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." *Ray v. Wal-Mart Stores, Inc.*, 120 F.3d 882, 885 (8th Cir. 1997) (citation omitted). Mr. Nelson is an engineer who has a working knowledge of welding requirements, and Mr. Nelson applied engineering principles from his educational background, studies, and work experience. (Filing No. 69-1 at 31–34, 110:4–112:12; 113:2–113:14; 115:7–117:20;117:21–118:12; 119:2–6; 120:5–11; 121:21–122:4).

With regard to Mr. Balian, the Court likewise finds his testimony relevant and will assist the trier of fact in this case. Mr. Balian has served as a consultant for retail store operations, where he has advised, trained, and executed policies and procedures in supermarkets and other public facilities.

6

Both experts appear to have the educational knowledge and training and experience to testify in this case. Their testimony appears to be such as would assist the trier of fact without invading the province of the jury. The Court will permit the testimony of both experts, but the parties may raise appropriate objections, if any, at trial.

THEREFORE, IT IS ORDERED THAT:

1. Plaintiff's motion in limine, Filing No. 59, is denied; and
2. Defendant's motion in limine, Filing No. 63, is denied.

Dated this 19th day of November, 2025.

                                              BY THE COURT:

                                              s/ Joseph F. Bataillon
                                              Senior United States District Judge